MONCURB, J.
The only question in this case is, whether the Circuit court erred in excluding the deposition of Michael Keafe, on the ground of insufficiency of the notice under which it was taken ?
The law requires that “reasonable hotice shall be given to the adverse party of the time and place of *taking every deposition.” Code, ch. 176, § 30, p. 666. What is reasonable notice, is no where defined in the law, and cannot well be defined, but must depend on the circumstances of each case.
A notice served at 8 o’clock P. M. of the taking of a deposition, between the hours of 8 o’clock and 9 o’clock A. M. of the succeeding day, at a certain place in the same city in which both the parties and their counsel resided (as in this case), would ordinarily be sufficient.
But the deposition in this case was taken during a term of one of the courts of Ohio county, whose session was in the city of Wheeling. And Mr. Nelson, president of the Washington hall association, on whom the notice was served, and who is a practicing attorney in the said courts, and was one of the counsel of the association in this case, and Mr. Fitzhugh, another of said counsel, were engaged in court on the day on which the deposition was taken, and had been so engaged on the previous day, in the trial of causes ; though the court did not meet before 9 o’clock A. M. And the said Fitzhugh attended at the commencement of the taking of the deposition, which was at 8 o’clock A. M. and objected to the reading of it, “on account of the insufficiency of the notice, and the inability of the defendant and defendant’s counsel to attend at the taking thereof.” Under these circumstances, if there had been no other materially affecting the case, it would have been proper to have postponed the taking of the deposition to a more convenient period.
But there were other most material circumstances. The witness was about to remove to a far distant state, had taken his passage on a boat, and would remain no longer ; left the city about 3 or 4 o’clock P. M. of the day on which his deposition was taken. As soon as the plaintiff’s counsel was informed by the witness of his intended removal, the notice was given. And *about 8 o’clock A. M. of the next day, the plaintiff again notified the president of the *737 association that he was about to take, and would take, the deposition.
The plaintiff, upon being' informed that the witness was about to remove from the ■state, had a right to take his deposition before his removal. Otherwise, he might have lost the benefit of the evidence altogether, by the death of the witness or his removal to parts unknown ; or at least, might have been subjected to much trouble and expense in ascertaining the place of his fixture residence, and taking his deposition there. It was obviously for the benefit of both parties to take the deposition in the city in which they and their counsel all lived. The plaintiff gave the notice as soon as he was informed of the necessity of taking the deposition, and gave the longest notice which it was then in his power to give. He fixed upon a time and place for taking it, as convenient as possible to the defendant, and did every thing in his power to enable the defendant’s counsel to attend. If they could not attend, the defendant ought to have employed other counsel for that purpose, rather than the plaintiff should be subjected to the risk of losing his evidence, or at least to the trouble and expense of taking the deposition in a distant state. Other counsel could no doubt have been readily retained in the city of Wheeling ; and the defendant had ample time for that purpose after the notice was served.
But it was argued by the defendant’s counsel in this court, that the notice was not reasonable, if the defendant did not know that the witness was about to remove from the state; that it does not appear that the defendant had such knowledge; and that it devolved on the plaintiff to have given the information.
It does not appear that the defendant or its officers or counsel had not this information ; and the fair presumption, I think, is, that they had. It does not appear *that the fact was concealed, or that there was any conceivable motive for concealing it. It might have been reasonably inferred from the facts that the witness was probably neither aged nor infirm, that the trial was not to take place for some time, and that there was no other apparent or plausible motive for taking the deposition. Can it be believed that Mr. Nelson did not enquire, when the notice was served on him, or when he was again notified the next day of the taking of the deposition, why it was taken at that time, or whether it could not be postponed ? Can it be believed that Mr. Pitzhugh did not make such enquiries when attended at the commencement of the deposition ? Can it be believed that, if made, they were not truly answered by the plaintiff, or his counsel, or the notary ? Or if not truly answered, that the fact would not have been stated in the exception taken at the time, or in the bill or exceptions taken on the trial ? Mr. F. did not ask for a postponement of the time for taking the deposition, as he would undoubtedly have done if he had not known that the witness was about to leave the state, .and that such postponement was therefore impossible. He placed his objection on the broad ground that the notice was insufficient, notwithstanding the circumstances under which the deposition was taken : And on that ground only the objection was taken at the trial. The purport of the objection was, that under no circumstances could the deposition be taken upon so short a notice, and during the term of a court in which the defendant’s counsel were professionally engaged. The plaintiff had a right so to regard the objection, and was not called upon to show that the defendant had knowledge of the intended removal of the witness. The defendant certainly knew at the time of the trial that the deposition had been taken on account of the intended removal of the witness; and if it was intended *to object to the sufficiency of the notice upon the ground that the plaintiff did not inform the defendant of that fact, the ground should have been stated specifically in the bill of exceptions. And then he might have removed it by proof, whereas he would be taken by surprise if the ground could be taken for the first time in this court.
But the plaintiff was under no obligation to give such information, provided he was guilty of no fraudulent concealment, which is not pretended. He was bound only to give reasonable notice of the time and place of taking the deposition ; which, under all the circumstances, I think he did. If it can be necessary to cite authorities in support of the views I have expressed, I think the cases in Vinal v. Burrill, 16 Pick. 401, and Allen v. Perkins, 17 Id. 369, referred to by the counsel of the plaintiff, are sufficient for the purpose.
I am for reversing the judgment, setting aside the verdict, and remanding the cause for a new trial.
The other judges concurred in the opinion of Moncure, J.
Judgment reversed.